UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | |
| ) | Case No. 2:16-cr-020253-JTF |
| ) | |
| **M. CLEVE COLLINS, a/k/a**   ) | |
| **MILTON CLEVE COLLIS, a/k/a**   ) | |
| **CLEVE COLLINS,**   ) | |
| ) | |
| Defendant**.**   ) | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONAND DENYING MOTION TO DISMISS INDICTMENT**

Before the Court is Defendant Cleve Collins' Motion to Dismiss the Indictment that was filed on February 17, 2017. (ECF No. 18). The United States of America filed a response in opposition on March 21, 2017, and on April 3, 2017, Defendant filed a reply. (ECF Nos. 24 & 25). The motion was referred to the U.S. Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(A). (ECF No. 23). On May 18, 2017, the Magistrate Judge issued a report and recommendation that the Court deny Defendant's motion to dismiss. The Defendant filed timely objections on May 23, 2017. (ECF No. 26 & 27). For the following reasons, the Court finds the Magistrate Judge's report and recommendation should be adopted and Defendant's motion to dismiss the indictment Denied.

          **I.**    **FACTUAL HISTORY**

The Magistrate Judge's report and recommendation contains proposed findings of facts that summarize the events leading to the federal indictment in this case. Defendant has not objected to the Magistrate Judge's proposed findings of fact. Therefore, the Court adopts the

1

Magistrate Judge's proposed factual findings of fact as the factual summary of this case.

## II. STANDARD OF REVIEW

A United States District Court Judge may refer certain dispositive motions, including motions to dismiss the indictment, to a United States Magistrate Judge for proposed findings of fact and conclusions of law pursuant to 28 U.S.C. § 636(b); *U.S. v. Houston*, Case No. 3:13-10-DCRF, 2013 WL 3975405 *1 (E.D. Tenn. July 29, 2013). The District Judge may accept, reject or modify in whole or in part, the Magistrate's proposed findings and recommendations. *U.S. v. Raddatz*, 447 U.S. 667, 673-675 (1980) *reh'g den.*, 448 U.S. 916 (1980). See 28 U.S.C. § 636 (b)(1)(B).

In criminal cases, the district judge is required to make a *de novo* determination of those portions of a Magistrate's report and recommendation to which specific objections are made. *Id.* at 674-675. While most actions by a Magistrate Judge are reviewed for clear error, dismissal or quashing of an indictment or information and motions to suppress evidence are among the motions in criminal matters that are subject to *de novo* review. *U.S. v. Quinney*, 238 Fed. Appx. 150, 152 (6th Cir. 207) and *U.S. v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

## III. ANALYSIS

On November 17, 2016, a federal grand jury returned the instant indictment charging Collins with an alleged scheme to defraud the United States in violation of 18 U.S.C. § 1031. The alleged unlawful scheme to defraud reportedly began on or about August 2009 and continued through February 2011. (ECF No. 1, p. 3 ¶ 10). On May 14, 2009, the General Services Administration ("GSA") granted Don Brady Construction, Inc., ("DBC"), a contract for roofing and air conditioning improvements to the Ed Jones Federal Building in Jackson, Tennessee. The initial contract award was for the amount of $1,479,989.00, but with change orders totaled $1,502,309.08. As Chief Operating Officer ("COO") of DBC, Collins was

2

responsible for ensuring that the work was done in compliance with GSA specifications, obtaining progress payments from GSA as authorized, and certifying that the payments were made to the subcontractors and suppliers for their services. From August 2009 to February 2011, Collins is charged with repeatedly procuring payments from GSA for work that was completed by Jesse Bryant Roofing Company in the amount of $580,050, and failing to make payments to the roofing company as required. Instead, Collins used the money for his own personal debts and purchases, in violation of 18 U.S.C. § 1031. (ECF No. 1, pp 3-5).

Initially, Collins raises three grounds in support of his motion to dismiss the indictment: 1) the statute of limitations for the offense has expired; 2) his alleged misrepresentations are immaterial; and 3) he cannot be held criminally liable for actions taken in his capacity as COO. (ECF Nos. 18 & 25). The Government responds that the motion to dismiss should be denied because: 1) the duration of the scheme is a factual issue for the jury; 2) Defendant's statute of limitations argument is premature and the seven-year statute of limitations had not run because the underlying scheme to defraud was a continuing offense; 3) Defendant's argument that he made no material misrepresentations is without merit and a fact question for the jury; and 4) individuals are not insulated from criminal liability based on their employment status. (ECF No. 24).

The Magistrate Judge addressed the issues raised by Collins and recommended that the Court deny the motion to dismiss the indictment. First, the Magistrate Judge declined to consider the exhibits attached to the motion to dismiss, and then analyzed the language of the indictment. The Magistrate Judge determined that: 1) the alleged facts, if proven, would establish a criminal violation, and that violation would be within the seven year statute of limitations in 18 U.S.C. § 1031(f); 2) the materiality of Collins' statements regarding progress payment certifications are questions of fact for the jury; and 3) Collins' argument that an

individual who violates the law while acting as a corporate officer may not be charged criminally is without merit.  (ECF No. 26).

On May 23, 2017, Collins filed objections to the report and recommendation, objecting only to the Magistrate Judge's determination that the allegations within the indictment, if proven, establish a violation occurring within the seven year statute of limitations. (ECF No. 27). As noted above, the Magistrate Judge concluded that the indictment charged that the scheme was executed between August 2009 to February 2011, and therefore the indictment, filed on November 17, 2016, was within the seven year statute of limitations.

Collins argues that the crime alleged in the indictment was completed and "executed" in August and September 2009, when the first progress payment was submitted.  Because the statute of limitations began running at that time, the seven year period expired before the indictment was returned.  (ECF No. 27, p. 6). Collins asserts each subsequent payment only carried out the scheme of the already completed offense.  (ECF No. 18, pp. 3-4 & ECF No. 25, pp. 2-4).  *Toussie v. United States*, 397 U.S. 112, 115 (1970); *Pendergast v. United States*, 317 U.S. 412, 418 (1943); and *U.S. v. Reitmeyer*, 356 F.3d 1313, 1317 (10th Cir.  2004).   The Court disagrees.

"[C]ourts, however, have repeatedly held that an indictment brought under the healthcare fraud, bank fraud, or major fraud statutes may properly charge, in a single count, a pattern of executions, or submissions of fraudulent claims, as part of a single, overarching continuing scheme." *U.S. v. Mermelstein*, 487 F.Supp.2d 242, 254 (E.D. N.Y. May 2, 2007). In *Mermelstein*, the district court noted that sister courts rely on case law that construe similarly worded statutes for the proper interpretation of these offenses.  *Id*. at fn.2 (citing *U.S. v. Frequency Electronics*, 862 F. Supp. 834, 838-39 (E.D.NY. 1994))(holding that the phrase "scheme or artifice" in the Major Fraud Act should be interpreted in light of case law construing

4

the mail and wire fraud statutes); and *Reitmeyer* at 1317.

Collins relies heavily on *Reitmeyer* to support his theory that September 17, 2009 was the date in which the alleged offense in this case was executed and as such the date on which the statute of limitations began to run. In *Reitmeyer*, the Tenth Circuit ruled that the alleged scheme to defraud the Government occurred when the companies filed the claim for equitable adjustment on May 16, 1994. The Court ruled that, the "[c]ompanies did not need to actually obtain any money in order to 'execute' their scheme to defraud the United States or obtain money by false pretenses. . . . the [c]ompanies 'executed their scheme to defraud or obtain money when they first placed the government at a risk of financial loss. . . . No further conduct was necessary.' " *Id.* at 1320-21.

An offense under the Major Fraud Claims Act is defined as:

> **(a)** Whoever knowingly executes, or attempts to execute, any scheme or artifice with the intent--
> **(1)** to defraud the United States; or
> **(2)** to obtain money or property by means of false or fraudulent pretenses, representations, or promises, in any grant, contract, subcontract, subsidy, loan, guarantee, insurance, or other form of Federal assistance, including through the Troubled Asset Relief Program, an economic stimulus, recovery or rescue plan provided by the Government, or the Government's purchase of any troubled asset as defined in the Emergency Economic Stabilization Act of 2008, or in any procurement of property or services as a prime contractor with the United States or as a subcontractor or supplier on a contract in which there is a prime contract with the United States, if the value of such grant, contract, subcontract, subsidy, loan, guarantee, insurance, or other form of Federal assistance, or any constituent part thereof, is $1,000,000 or more shall, subject to the applicability of subsection (c) of this section, be fined not more than $1,000,000, or imprisoned not more than 10 years, or both.

See 18 U.S.C. § 1031. Prosecution of an offense under the Act may be commenced at any time

no later than seven (7) years after the offense is committed, plus any additional time otherwise allowed by law. *Kowalski v. Alpha Kappa Alpha Sorority, Inc.*, 993 F.Supp. 619, 620 (N.D. Ohio. Dec. 15, 1997). However, the court in *Reitmeyer* noted that the Major Fraud Act does not provide definitions for "execution as the receipt of money by false pretenses" or even for the terms "execution" or "attempted execution." Therefore, courts must examine the facts of each case, ascertain the contours of the scheme, and then determine what conduct is necessary to execute or complete the scheme. This point was also noted by Collins. The statute of limitations begins to run when the crime is complete. *Id.* at 1319. *See also Toussie*, 397 U.S. at 115.

The holding in *Reitmeyer* is distinguishable. There, the indictment alleged the defendants submitted a single false claim for equitable adjustment. The Court held that the act of submitting the false claim completed the crime of executing a scheme to obtain money by false pretenses. Thus, exchange of money was not necessary. In the case at hand, the indictment does not have a single linchpin act signifying completion of a crime, as Collins argues. Here, the indictment alleges that Collins caused the roofing subcontractor to perform approximately $580,000 in work, did not pay the subcontractor, caused requests for progress payments to be submitted to GSA, and falsely certified that subcontractors had been paid. All of these acts occurred from August 2009 through February 2011, and within the seven year statute of limitations period. *See U.S. v. Andrews*, 803 F.3d 823, 825 (6th Cir. 2015); and *U.S. v Buckner*, 19 F.3d 452, 454.

The Court agrees with the Magistrate Judge's conclusion that the statute of limitations for the instant § 1031 offense had not run and the motion to dismiss the indictment should be denied. Accordingly, Defendant's objection to the Magistrate Judge's finding regarding the statute of limitations is Overruled.

After a *de novo* review of the pleadings in this case including the indictment, the Magistrate Judge's report and recommendation, and the Defendant's objections thereto, the

Court finds the report and recommendation should be adopted and Defendant's motion to dismiss, ECF No. 18, DENIED.

**IT IS SO ORDERED** on this 14th day of July, 2017.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
U.S. DISTRICT COURT JUDGE